CORY A. CRUZ,

        Plaintiff,

v.                                                Case No. 23-cv-0052-bhl

BROWN COUNTY JAIL AND
JUVENILE DETENTION CENTER and
ARAMARK,

        Defendants.

## SCREENING ORDER

Plaintiff Cory Cruz, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Cruz's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Cruz has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Cruz filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Cruz lacks the funds to pay an initial partial filing fee, so the Court will waive his obligation to do so. *See* 28 U.S.C. §1915(b)(4). Cruz's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Although Cruz does not identify or describe his religious beliefs, he asserts that he is on a jail-approved religious diet. He explains that, although he is to receive only vegan trays, Defendant Aramark has repeatedly sent him food with meat in it. According to Cruz, he and guards on his behalf have repeatedly informed kitchen staff that eating meat violates his religious beliefs, but Aramark persists in giving him meals with meat. Cruz asserts that because they "keep messing with [his] meal[s]," he is not able to eat. Dkt. No. 1.

## THE COURT'S ANALYSIS

A plaintiff who alleges that jail officials unjustifiably placed a substantial burden on his religious beliefs states a claim under the First Amendment. *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). The Seventh Circuit has "repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Id.* (citing cases). In addition, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," unless "that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §2000cc–1(a). RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," §2000cc–5(7)(A), but "a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015).

3

Cruz's complaint describes what could be a valid claim but is fundamentally deficient for a couple reasons. First, as noted, Cruz does not specify what his religious beliefs are. "Sincere religious beliefs must be accommodated . . ., but non-religious beliefs need not be." *Vinning-El v. Evans*, 657 F.3d 591, 593 (7th Cir. 2011) ("A prison is entitled to ensure that a given claim reflects a sincere religious belief, rather than a preference for the way a given diet tastes, a belief that the preferred diet is less painful for animals, or a prisoner's desire to make a pest of himself and cause trouble for his captors."). Cruz states only that "it's [a] know[n] fact vegans don't eat animal products," but a non-religious preference for avoiding meat is not a religious belief that must be accommodated. Absent allegations describing what his religious beliefs are, Cruz fails to state a claim under the First Amendment and RLUIPA.

Cruz also fails to state a claim against the Brown County Jail and Aramark, the only named Defendants. The jail cannot be sued under §1983 because that statute allows a plaintiff to sue a "person" who violates his rights, and a jail is not a "person." *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at \*2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)).

As to Aramark, "private entities acting to fulfill government duties are not vicariously liable for the conduct of their employees." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 765 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). "Instead, a plaintiff must demonstrate direct liability by showing that the constitutional violation was 'caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority.'" *Id.* (quoting *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011)). Cruz's allegations do not reasonably suggest that the kitchen staff acted pursuant to a policy or custom. As such, to

4

state a claim, Cruz must sue the individuals personally responsible for the alleged deprivation of his rights. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). As a reminder, the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992.

The Court will allow Cruz to file an amended complaint to cure the deficiencies identified in this decision. Cruz should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) what relief he would like the Court to provide. Cruz should set forth his allegations in short and plain statements, making sure that his amended complaint can be understood by someone who is not familiar with the facts of his case. If Cruz does not know the name of someone he would like to sue, he may use a John/Jane Doe placeholder. If the Court allows Cruz to proceed on a claim against a Doe Defendant, he will have to use discovery to learn the Defendant's name.

Cruz is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is

5

not received, the Court will dismiss this case based on Cruz's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Cruz's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 20, 2023**, Cruz may file an amended complaint curing the defects in the original complaint as described in this decision. If Cruz chooses not to file an amended complaint, the Court will dismiss this action based on his failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Cruz a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Cruz shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Cruz's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cruz is transferred to another institution, the transferring institution shall forward a copy of this Order along with Cruz's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Cruz is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Cruz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Did Dated at Milwaukee, Wisconsin on February 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7

Case 2:23-cv-00052-BHL   Filed 02/16/23   Page 7 of 7   Document 7