UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORY A. CRUZ,

          Plaintiff,

          v.                                                        Case No. 23-cv-0052-bhl

CPL WEED,
CO KROLL,
CO GARDEBRECHT, and
JANE/JOHN DOES,

          Defendants.

---

## SCREENING ORDER

---

Plaintiff Cory Cruz, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 16, 2023, the Court screened Cruz's complaint and gave him the opportunity to file an amended complaint, which he did on March 21, 2023. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As previously explained, in screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Cruz explains that he is a Christian who fasts from animal products to focus on Jesus and humble himself. He states that, despite his request for a religious accommodation of vegan meals, he frequently receives food containing animal products such as meat and cheese. According to Cruz, some officers have tried to address his complaints by sending his food back to the kitchen, but kitchen staff does not always fix the issue. Cruz alleges that on February 20, 2023, the food tray he received was missing items. Cruz asserts that he informed Defendant Gardebrecht that his tray did not contain all the items listed on the menu, but Gardebrecht did not remedy the issue. Dkt. No. 8 at 3-4.

According to Cruz, on January 21, 2023, Defendant Officer Kroll told Cruz that Corporal Weed had called him about Cruz's continued filing of grievances. Cruz asserts that Kroll yelled at him and told him to stop filing grievances. Dkt. No. 8 at 4.

## THE COURT'S ANALYSIS

Cruz fails to state a claim against Gardebrecht based on allegations that he failed to address Cruz's complaint that items were missing from his food tray on a single occasion. Cruz doesn't specify what food items were missing from his food tray, nor does he allege that the food he received was nutritionally inadequate or that it violated his request for a religious accommodation. The mere fact that, from time to time, the meals he received were inconsistent with the stated menu for that day or were missing unspecified items does not give rise to a constitutional violation. *See Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (explaining that a court must assess the amount

and duration of deprivation when determining whether the withholding of food is objectively serious enough to violate the Constitution).

Cruz also fails to state a claim against Weed and Kroll based on allegations that they told him to stop filing multiple grievances about the same issue. The Seventh Circuit has explained that "any right to a grievance procedure is a procedural right, not a substantive one," so "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Cruz does not allege that Weed and Kroll were responsible for investigating his grievances, or, if they were, that they failed to do so. He alleges only that they yelled at him for filing so many grievances about the same issue, which is insufficient to state a claim.

Cruz does, however, state a claim against the Jane/John Doe kitchen staff. A plaintiff who alleges that jail officials unjustifiably placed a substantial burden on his religious beliefs states a claim under the First Amendment. *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). The Seventh Circuit has "repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Id.* (citing cases). In addition, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," unless "that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §2000cc–1(a). RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," §2000cc–5(7)(A), but "a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015).

3

Cruz may proceed on First Amendment and RLUIPA claims against Jane/John Doe kitchen staff based on his assertions that they repeatedly sent him food containing meat products despite his request for vegan meals as an accommodation for his religious beliefs. Cruz asserts that unnamed kitchen staff often refused to accommodate his request even after correctional officers returned his food to the kitchen.

Because Cruz does not know the names of the kitchen staff members who allegedly ignored his requests for a religious accommodation, the Court will add Brown County Sheriff Todd Delain as a defendant for the limited purpose of helping Cruz identify the names of the Jane/John Doe Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the Marshals to serve Sheriff Delain with the amended complaint and a copy of this order. Sheriff Delain does not have to respond to the amended complaint. After Sheriff Delain's lawyer files an appearance in this case, Cruz may serve discovery on Sheriff Delain (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify the names of the kitchen staff members who allegedly refused to accommodate his religious beliefs.

For example, Cruz may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Cruz does not state a claim against Sheriff Delain, Cruz's discovery requests must be limited to seeking information or documents that will help him learn the names of the people he wants to sue. Cruz may not ask Sheriff Delain about any other topic, and Sheriff Delain is under no obligation to respond to requests about any other topic.

After Cruz learns the names of the people who allegedly violated his constitutional rights, he must file a motion to replace their names for the Jane/John Doe placeholder. The Court will

dismiss Sheriff Delain from this action once Cruz identifies the Does' names.  After the Defendants have an opportunity to respond to Cruz's amended complaint, the Court will set a deadline for discovery.  At that point, Cruz may use discovery to get the information he believes he needs to prove his claims.

The Court reminds Cruz that §1983 requires that a person be personally involved in an alleged deprivation to be liable.  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).  There is no vicarious liability under §1983, so individuals will not be held liable for the misdeeds of their coworkers.  Accordingly, Cruz may not proceed against every person who happened to be working in the kitchen when his rights were allegedly violated.  He should name as Defendants only those individuals who were personally responsible for depriving him of his constitutional rights.

Cruz must identify the names of the Jane/John Doe Defendants within sixty days of Sheriff Delain's attorney appearing.  If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss this action based on his failure to diligently prosecute it.  Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Cpl Weed, CO Kroll, and CO Gardbrecht are **DISMISSED** from this action because the amended complaint fails to state a claim against them.

**IT IS FURTHER ORDERED** that Brown County Sheriff Todd Delain is named as a Defendant for the limited purpose of helping Cruz identify the Jane/John Doe Defendants. The clerk's office shall update the docket accordingly.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Sheriff Delain pursuant to Federal Rule of Civil Procedure 4.  Cruz is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. §1921(a).  The current fee for waiver-of-service packages is

$8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Sheriff Delain does not have to respond to the amended complaint; however, he shall respond to discovery requests that Cruz serves in an effort to identify the names of the Jane/John Doe Defendants. Sheriff Delain does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Cruz must inform the Court of the Does' names within 60 days of Sheriff Delain's attorney filing an appearance in this case. If Cruz does not do so or does not advise the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin on April 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge